IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MARISSA BIGOT, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE No. 1:13-cv-00556-AWI-MJS (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br><br>ORDER DENYING WITHOUT PREJUDICE APPOINTMENT OF COUNSEL<br><br>(ECF No. 1)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.　PROCEDURAL HISTORY**

　　Plaintiff Michael B. Williams proceeds pro se and in forma pauperis in this civil rights action filed April 18, 2013 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is civilly committed to Coalinga State Hospital. The Complaint is now before the Court for screening.

**II.　SCREENING REQUIREMENT**

　　The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to

-1-

relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ––– U.S. –––, –––, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949–50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949–50; Moss, 572 F.3d at 969.

III.   **FACTS**

Plaintiff has named Marissa Bigot, a Psychiatric Technician, and Daniel Wagoner, Hospital Patient Rights Advocate, as Defendants in this action. Plaintiff alleges as follows:[1]

### A.   Claims Against Defendant Bigot

Plaintiff asserts Defendant Bigot has a practice of opening, reading, storing, seizing, or destroying his incoming and outgoing confidential, legal and non-legal mail outside Plaintiff's presence; retaliating against him for exercising his First Amendment right to file related grievances, preventing his free speech; and interfering with his right to access the court in Williams v. Philllps,[2] pending with the Ninth Circuit Court of Appeals.

### B.   Claims Against Defendant Wagoner

---

[1] Plaintiff requests judicial notice of "exhibits A and B", however no such exhibits are identified in or included with the Complaint.

[2] Case No. 12-15956 (9th Cir. 2012).

Plaintiff asserts Defendant Wagoner denied him due process in grievance proceedings by concealing and failing to consider exculpatory evidence favorable to Plaintiff, denying due process and violating his rights under Brady v. Maryland, 373, U.S. 83 (1963).

### C.  Relief Sought

Plaintiff seeks an order enjoining Defendants (1) from censoring and delaying his mail, (2) to establish an office of Patients' Rights Advocate at Coalinga State Hospital, (3) from retaliating against him.

Plaintiff also seeks a declaration that his Brady rights were clearly established at times relevant; appointment of counsel; and damages and costs.[3]

## IV.  ANALYSIS

The Fourteenth Amendment provides the standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility. Rivera v. Rogers, 224 Fed.Appx. 148, 150-51 (3d Cir. 2007); see Youngberg v. Romeo, 457 U.S. 307, 312 (1982). In determining whether the constitutional rights of an involuntarily committed individual have been violated, the court must balance the individual's liberty interests against the relevant state interests with deference shown to the judgment exercised by qualified professionals. Id. at 321-22. Plaintiff's First Amendment claim is rightly analyzed under prisoner rights case law. See Rivera at 150 ("Given that Rivera has been convicted of a crime and is being detained in the Special Treatment Unit because of his classification as a sexually violent predator under New Jersey's Sexually Violent Predator Act, his status is similar to that of a prisoner and we agree with the District Court's decision to proceed with its analysis of his First Amendment claim by looking to case law interpreting a prisoner's rights.").

### A.  Mail Claims

---

[3] Plaintiff may also seek a declaration Defendants are not entitled to qualified immunity. Any such request is disregarded as premature. Defendants have not appeared and no affirmative defense of qualified immunity is in issue. See Siegert v. Gilley, 500 U.S. 226, 231 (1991).

1. <u>Legal Standards</u>

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974). "[T]he constitutional rights that prisoners possess are more limited in scope than the constitutional rights held by individuals in society at large. In the First Amendment context . . . some rights are simply inconsistent with the status of a prison or 'with the legitimate penological objectives of the corrections system.' " <u>Shaw v. Murphy</u>, 532 U.S. 223, 229 (2001), quoting <u>Pell</u>, 417 U.S. at 822.

While prisoners and those involuntarily committed have a First Amendment right to send and receive mail, <u>Witherow v. Paff</u>, 52 F.3d 264, 265 (9th Cir. 1995); <u>Jones v. Brown</u>, 461 F.3d 353, 358 (3d Cir. 2006), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests. <u>Prison Legal News v. Lehman</u>, 397 F.3d 692, 699 (9th Cir. 2005), <u>citing</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89 (1987).

2. <u>Mail Claims Fail</u>

Plaintiff does not explain the nature and extent of interference with his mail. He does not explain what reason prison officials gave for the interference. It is unclear whether the alleged interference conforms with facility practice and prison regulations. Plaintiff also fails to describe his various grievances concerning the handling of his mail, such as: what actions were complained of; what transpired during and resulted from the grievance proceedings; whether he appealed the results and, if so, what happened on appeal.

The mere fact that prison officials open and conduct a visual inspection of a prisoner's legal and non-legal correspondence does not alone state a claim for violation of a prisoner's constitutional rights. <u>Wolff v. McDonnell</u>, 418 U.S. 539, 576-77 (1974); <u>Mitchell v. Dupnick</u>, 75 F.3d 517, 523 (9th Cir. 1996); <u>see also</u> <u>Rivera</u>, 224 Fed.Appx. at 151 (a policy that allows staff to open packages not marked as "legal mail" to check for

contraband does not violate the First Amendment); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (legal mail may be inspected per established institution procedures; Royse v. Superior Court), 779 F.2d 573 (9th Cir. 1986) (legal mail may be inspected for contraband); Samonte v. Maglinti, 2007 WL 1963697, at *5 (D. Hawai'i July 3, 2007) (whether legal mail may be opened outside the inmate's presence is an open question in the Ninth Circuit).

It is unclear whether Plaintiff alleges his outgoing mail is being censored. Censorship of outgoing prisoner mail is justified if the following criteria are met: (1) the regulation furthers an important or substantial government interest unrelated to the suppression of expression, and (2) the limitation on First Amendment freedoms must be no greater than is necessary or essential to the protection of the particular governmental interest involved. Procunier v. Martinez, 416 U.S. 396, 413 (1974), overturned in part by Thornburgh v. Abbott, 490 U.S. 401, 413-14 (1989). The facts alleged are insufficient to determine whether Plaintiff can state such a claim.

Finally, Plaintiff appears to characterize mail to a county office of vital statistics as legal mail. A prison need not treat all mail sent to government agencies and officials as legal mail. See O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996). Plaintiff must allege facts sufficient for the Court to determine a basis for finding the mail at issue to be legal mail.

Accordingly, Plaintiff fails to allege facts sufficient to suggest Defendant Bigot violated his First Amendment right to send and receive mail. If Plaintiff chooses to amend, he must explain in reasonable detail how Defendant Bigot violated his First Amendment rights. Iqbal, 556 U.S. at 678.

### B. Access to Courts Claims

#### 1. Legal Standards

Plaintiff has a constitutional right of access to the courts and prison officials may not actively interfere with his right to litigate. Silva v. Vittorio, 658 F.3d 1090, 1101–02 (9th Cir. 2011). Prisoners also enjoy some degree of First Amendment rights in their

legal correspondence. Bounds v. Smith, 430 U.S. 817, 824–25 (1977). However, to state a viable claim for relief, Plaintiff must allege he suffered an actual injury, which is prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. Lewis v. Casey, 518 U.S. 343, 349 (1996). Delays in providing legal materials or assistance which result in prejudice are "not of constitutional significance" if the delay is reasonably related to legitimate penological purposes. Id. at 362.

### 2. Access to Courts Claim Fails

Plaintiff has not alleged any facts to suggest he has actually suffered an injury or loss as a result of alleged interference with his access to court. He claims only that Defendant Bigot was "deliberately indifferen[t] . . . with Plaintiff's confidential correspondences to the Court Clerk in [his] Williams action."

Plaintiff must show "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011), citing Lewis, 518 U.S. at 348. The absence of an injury precludes an access claim, and Plaintiff's Complaint is devoid of any facts suggesting any injury occurred. Christopher v. Harbury, 536 U.S. 403, 415-16 (2002); Jones, 393 F.3d at 936; see Merryfield v. Jordan, 431 Fed.Appx. 743, 747 (10th Cir. 2011) (when access to courts is impeded by mere negligence, as when legal mail is inadvertently lost or misdirected, no constitutional violation occurs); Mitchell v. Carlson, 404 F.Supp.1220, 1225 (D.C. Kan. 1975) (delay in delivery of inmate mail is not a denial of access to courts so long as the delay is neither material nor prejudicial).

If Plaintiff chooses to amend, he must explain in reasonable detail how Defendant Bigot violated his First Amendment rights. Iqbal, 556 U.S. at 678.

**C.   Retaliation**

### 1. Legal Standards

Allegations of retaliation against a prisoner's First Amendment rights to speech and to petition the government may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d

527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir.2009).

In order to state a claim, Plaintiff must allege specific facts demonstrating that a Defendant took an adverse act because of Plaintiff's First Amendment activity. Plaintiff's protected conduct must have been a " 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). The adverse action must not have reasonably advanced a legitimate correctional goal.

2. Retaliation Claim Fails

Plaintiff does not allege facts suggesting Defendant Bigot was aware of the grievances filed against her and that she acted in retaliation for the filing of those grievances. It also is unclear whether or not Defendant Bigot's actions advanced a legitimate penological purpose.

Accordingly, Plaintiff's retaliation claim against Defendant Bigot fails. If Plaintiff chooses to amend, he must allege specific facts suggesting Defendant Bigot took an adverse act because of Plaintiff's First Amendment activity. Plaintiff's protected conduct must have been a " 'substantial' or 'motivating' factor behind the defendant's conduct." Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc., 874 F.2d at 1314. The adverse action must not have reasonably advanced a legitimate correctional goal.

**D.   Due Process**

1. Legal Standards

Civil detainees are entitled to Fourteenth Amendment protections.[4] <u>Jones v. Blanas</u>, 393 F.3d 918, 933 (9th Cir. 2004) ("Civil status means civil status, with all the Fourteenth Amendment rights that accompany it.").

### 2. Due Process Claim re Grievance Process Fails

There is no federal constitutional right to an institutional grievance procedure or injunctive relief thereon. <u>Merryfield</u>, 431 Fed.Appx. 743, at *6. Plaintiff may not claim a federal violation arising from the grievance process at his facility because there is no federal right to a grievance procedure. <u>Id.</u>

Even if Plaintiff had such a right, he fails to allege facts showing denial of the grievance process due him. Rather he complains of the outcome of the process. Plaintiff has no right to a certain outcome. See <u>Wise v. Washington State Department of Corrections</u>, 244 Fed.Appx. 106, 108 (9th Cir. 2007), ("An inmate has no due process rights regarding the proper handling of grievances.").

Plaintiff does not and can not state a due process claim arising from the grievance process. Amendment would be futile.

### 3. Due Process Claim re Disruption of Mail Fails

Plaintiff may claim Defendant Bigot's alleged mail disruption is a Fourteenth Amendment violation. However, as stated above the allegations are not sufficient for the Court to determine whether Defendant Bigot's actions served legitimate, non-punitive, governmental interests. <u>Batten v. Shasta County Bd. of Supervisors</u>, 489 Fed.Appx. 174 (9 th Cir. 2012); <u>see</u> <u>Jones</u>, 393 F.3d at 932 (analyzing conditions of confinement for civil detainees under the Fourteenth Amendment and stating that civil detainees may be subject to "[l]egitimate, non-punitive government interests" such as "maintaining jail security, and effective management of [the] detention facility.").

---

[4] Plaintiff's due process claim is properly analyzed under the Fourteenth Amendment. The Fifth Amendment is not applicable in this context as its "due process clause only applies to the federal government." <u>Bingue v. Prunchak</u>, 512 F.3d 1169, 1174 (9th Cir. 2008).

Unless there is evidence of intent to punish, conditions or restrictions that are reasonably related to legitimate penological objectives do not violate pretrial detainees' right to be free from punishment. See Block v. Rutherford, 468 U.S. 576, 584 (1984), citing Bell v. Wolfish, 441 U.S. 520, 538-39 (1979).

Accordingly, Plaintiff fails to state a due process claim arising from disruption of his mail. If Plaintiff chooses to amend, he must explain in reasonable detail how Defendant Bigot violated his Fourteenth Amendment rights. Iqbal, 556 U.S. at 678.

### E.  Brady Claim

Brady v. Maryland, 373 U.S. 83 (1963) announced a constitutional requirement proscribing pretrial withholding of evidence "favorable to an accused" and "material to [his] guilt or to punishment" by the prosecution. Brady, 373 U.S. at 1196-97; Skinner v. Switzer, 131 S.Ct. 1289, 1299 (2011), citing Cone v. Bell, 556 U.S. 449, 469 (2009). To establish that a Brady violation undermines a conviction, a convicted defendant must make each of three showings: (1) the evidence at issue is "favorable to the accused, either because it is exculpatory, or because it is impeaching"; (2) the State suppressed the evidence, "either willfully or inadvertently"; and (3) "prejudice ... ensued." Strickler v. Greene, 527 U.S. 263, 281–282 (1999); see Banks v. Dretke, 540 U.S. 668, 691 (2004).

A successful Brady claim necessarily yields evidence undermining a conviction: Brady claims therefore rank within the traditional core of habeas corpus and outside the province of § 1983.

Plaintiff's conviction is not at issue in this action. A Brady violation leading to such a conviction may not be advanced by a § 1983 action.

Accordingly. Plaintiff does not and can not state a Brady claim. Amendment would be futile and is denied.

### F.  Injunctive Relief

#### 1.  Legal Standard

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

### 2. Injunctive Relief Claim Fails

Plaintiff has not demonstrated that he will succeed on the merits of his case. His Complaint fails to state any cognizable claim.

Plaintiff also fails to suggests a real and immediate threat of injury. See City of Los Angeles, 461 U.S. at 101–102 (plaintiff must show "real and immediate" threat of injury, and "past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). The Court is unable to determine at this time how Plaintiff would suffer without the requested relief.

Accordingly, Plaintiff is not entitled to and in need of injunctive relief. If Plaintiff chooses to amend, he must set forth sufficient facts showing the above noted elements.

### G. Appointment of Counsel Denied

#### 1. Legal Standard

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

A request for a court order, including an order appointing counsel, must be made by motion. Fed. R. Civ. P. 7(b).

2.  Appointment of Counsel Denied Without Prejudice

Plaintiff's request is procedurally deficient because is it made in his pleading rather than by motion. Additionally, Plaintiff fails to alleges facts of exceptional circumstances supporting appointment of counsel. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525. No cognizable claim is stated. The facts alleged to date appear straightforward and unlikely to involve extensive investigation and discovery. The record in this case demonstrates sufficient writing ability and legal knowledge to articulate the claims asserted. Additionally, it is not apparent on the record that before bringing this motion Plaintiff exhausted diligent effort to secure counsel.[5] Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

Accordingly, for the foregoing reasons, Plaintiff's request for appointment of counsel is denied without prejudice.

## V. CONCLUSIONS AND ORDER

Plaintiff's request for appointment of counsel is procedurally and substantively deficient and denied without prejudice.

Plaintiff's Complaint does not state a claim for relief under § 1983. The Court will grant Plaintiff an opportunity to file an amended complaint consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set

---

[5] See, e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's request for appointment of counsel is DENIED WITHOUT PREJUDICE;
2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed April 18, 2013;
3. Plaintiff's Complaint is DISMISSED for failure to state a claim upon which relief may be granted;
4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

5. If Plaintiff fails to file an amended complaint in compliance with this Order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated: May 13, 2013                    /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE