IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>Plaintiff,<br><br>vs.<br><br>MARISSA BIGOT, et al.,<br><br>Defendants.<br>_____/ | CASE No. 1:13-cv-00556-AWI-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF MAGISTRATE'S SCREENING ORDER<br><br>(ECF No. 10)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Michael B. Williams proceeds pro se and in form pauperis in this civil rights action filed April 18, 2013 pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Magistrate assigned screened the Complaint and by Order filed May 14, 2013 dismissed it for failure to state a claim, but with leave to file an amended complaint. (ECF No. 9.)

Pending before the Court is Plaintiff's Motion for Reconsideration by the assigned District Judge of the Magistrate's May 14th Order, on grounds the Magistrate did not have jurisdiction to issue the Order and judgment (sic) thereon. (ECF No. 10.)

I.  **LEGAL STANDARDS**

   A.  **Motions for Reconsideration of Non-Dispositive Pretrial Orders**

Federal Rule of Civil Procedure 72(a) provides:

> Nondispositive Matters. When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served

with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

"A judge of the court may reconsider [pretrial matters determined by a magistrate judge] where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. 636(b)(1)(A).

### B.    Screening Standards

The in forma pauperis statutes provide that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Pleading Standards

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ––– U.S. ––––, ––––, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and courts "are not required to indulge unwarranted inferences." Doe I v. Wal–Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusion are not. Iqbal, 129 S.Ct. at 1949.

Under § 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949–50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949–50; Moss, 572 F.3d at 969.

## II.    DISCUSSION

### A.    Factual Background

Plaintiff is civilly committed to Coalinga State Hospital ("Coalinga") as a sexually

violent predator.

He claims Defendant Bigot, a Psychiatric Technician at Coalinga has a practice of opening, reading, storing, seizing, or destroying his incoming and outgoing confidential, legal and non-legal mail; retaliating against him for exercising his First Amendment right to file related grievances; and interfering with his right to access the court in an action he has pending with the Ninth Circuit Court of Appeals.

He also claims Defendant Wagoner, Hospital Patient Rights Advocate at Coalinga, denied him due process in grievance proceedings by concealing and failing to consider exculpatory evidence favorable to Plaintiff, denying due process and violating his rights under Brady v. Maryland, 373, U.S. 83 (1963).

He seeks an order enjoining Defendants (1) from censoring and delaying his mail, (2) to establish an office of Patients' Rights Advocate at Coalinga State Hospital, and (3) from retaliating against him. He also seeks a declaration that his Brady rights were clearly established at times relevant; appointment of counsel; and damages and costs.

## B.   Procedural Background

The Magistrate dismissed Plaintiff's Complaint for failure to state a claim, with leave to amend, and denied without prejudice Plaintiff's request for counsel. The Magistrate applied the Fourteenth Amendment standard for evaluating the constitutionally protected interests of individuals who have been involuntarily committed to a state facility, Rivera v. Rogers, 224 Fed.Appx. 148, 150-51 (3d Cir. 2007), and analyzed Plaintiff's First Amendment claims under prisoner rights case law. See Id. at 150.

### 1.   Incoming and Outgoing Mail

The Magistrate found that, though prisoners and those involuntarily committed have a limited First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995), Plaintiff alleged insufficient facts to suggest Defendant Bigot violated his First Amendment rights. The Magistrate noted grievance proceedings

were not clearly alleged, and that Plaintiff failed to explain the nature and extent of interference with his legal and non-legal mail, and whether the alleged interference was inconsistent with facility practice and prison regulations.

### 2. Access to Courts

The Magistrate found that, though prisoners and those involuntarily committed have a right of access courts, Silva v. Vittorio, 658 F.3d 1090, 1101-02 (9th Cir. 2011), and some degree of First Amendment rights in their legal correspondence, Bounds v. Smith, 430 U.S. 817, 824–25 (1977), Plaintiff failed to allege facts sufficient to suggest anything more than non-actionable negligence, Mitchell v. Carlson, 404 F.Supp.1220, 1225 (D.C. Kan. 1975), and that he suffered an actual injury or loss. Lewis v. Casey, 518 U.S. 343, 349 (1996).

### 3. Retaliation

The Magistrate found that, though prisoners and those involuntarily committed are protected from retaliation for exercising rights to speech and to petition the government, Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985), Plaintiff failed to allege facts suggesting adverse action, taken because of protected activity, not advancing a legitimate penological purpose. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

### 4. Due Process

The Magistrate found that, though civil detainees are entitled to Fourteenth Amendment protections, Jones v. Blanas, 393 F.3d 918, 933 (9th Cir. 2004), Plaintiff's mail disruption claim failed for the reasons stated above. Additionally, the Magistrate found no federal constitutional right to an institutional grievance procedure or injunctive relief thereon, Merryfield v. Jordan, 431 Fed.Appx. 743, at *6 (10th Cir. 2011), such that Plaintiff could not claim a federal violation arising from the grievance process at Coalinga. Id.

### 5. Brady Claim

The Magistrate found that Plaintiff failed to state a claim under Brady v.

Maryland, 373 U.S. 83 (1963), which proscribes pretrial withholding of evidence "favorable to an accused" and "material to [his] guilt or to punishment" by the prosecution, Brady, 373 U.S. at 1196-97, because Plaintiff's conviction is not at issue in this action, and a Brady violation leading to a conviction could not be advanced by a § 1983 action.

### 6. Injunctive Relief

The Magistrate found Plaintiff not entitled to and in need of injunctive relief because the Complaint failed to state any cognizable claim, Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984), and did not suggest any real and immediate threat of injury. City of Los Angeles v. Lyons, 461 U.S. 95, 101-102 (1983).

### 7. Appointment of Counsel

The Magistrate denied without prejudice the request included in the Complaint for appointment of counsel, finding the request procedurally deficient because it was not bought by motion, and substantively deficient because facts showing exceptional circumstances were not alleged. 28 U.S.C. 1915(e(1); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998).

**C.   Motion for Reconsideration**

Plaintiff argues that on April 29, 2013, he declined to extend Magistrate jurisdiction to all matters and proceedings (ECF No. 5), such that the subsequent May 14th Order and judgment (sic) thereon exceeded the Magistrate's jurisdiction and should be vacated and the Complaint reinstated. (ECF 10 at 2-3.) This argument is incorrect.

The Magistrate's jurisdiction over non-dispositive pretrial matters is by designation of the assigned district judge; it is not dependent upon the consent of the parties. 28 U.S.C. 636, (b)(1)(A); Local Rule 302(c)(17). The May 14th Order is wholly

non-dispositive pretrial action within the designated Magistrate's jurisdiction. Id. The May 14th Order dismissed the Complaint with leave to amend consistent with the requirements of Fed. R. Civ. P. 8(a). The May 14th Order denied the request for counsel without prejudice to Plaintiff seeking such relief consistent with applicable standards. The action was not dismissed. Judgment has not been entered.

Plaintiff's arguments do not reach the central issue of the Magistrate's Order - the Plaintiff's Complaint failed to comply with the pleading requirements of Fed. R. Civ. P. 8. Until Plaintiff is able to meet these requirements the Court cannot allow this action to be served on any Defendants or continue with the litigation process.

### III.    ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 10) is DENIED;
2. Plaintiff is granted **thirty (30) days** from the date of service of this Order to file an amended complaint; the amended complaint must comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules; the amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint"; and
3. If Plaintiff fails to file an amended complaint in accordance with this Order, this action will be dismissed with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   June 19, 2013

SENIOR DISTRICT JUDGE