# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>           Plaintiff,<br><br>     v.<br><br>MARISSA BIGOT, et al.,<br><br>           Defendants. | Case No. 1:13-cv-00556-AWI-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 15)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Michael B. Williams proceeds pro se and in forma pauperis in this civil rights action filed April 18, 2013 pursuant to 42 U.S.C. § 1983. Plaintiff is civilly committed to Coalinga State Hospital.

The complaint was dismissed by the undersigned for failure to state a claim, but Plaintiff was given leave to file an amended pleading provided he do so by not later than June 17, 2013.[1] (ECF No. 9.) Plaintiff sought reconsideration of the dismissal. (ECF No. 10.) The district judge assigned to this case denied reconsideration, but extended time to file an amended pleading through July 24, 2013.[2] (ECF No. 15.)

---

[1] Plaintiff appealed the district court order dismissing the complaint to the United States Court of Appeals for the Ninth Circuit. (ECF No. 11.) The appeal was dismissed for lack of jurisdiction on June 18, 2013. (ECF No. 14.)

[2] Plaintiff appealed the district court order denying reconsideration to the United States Court of Appeals for the Ninth Circuit. (ECF No. 16.) The appeal was dismissed for lack of jurisdiction on September 10, 2013. (ECF No. 19.)

1

1   The July 24, 2013 deadline passed without Plaintiff either filing an amended
2   pleading or seeking a further extension of time to do so.
3   Local Rule 110 provides that "failure of counsel or of a party to comply with these
4   Rules or with any order of the Court may be grounds for imposition by the Court of any and
5   all sanctions . . . within the inherent power of the Court." District courts have the inherent
6   power to control their dockets and "in the exercise of that power, they may impose
7   sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing
8   Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice,
9   based on a party's failure to prosecute, failure to obey a court order, or failure to comply
10  with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal
11  for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir.
12  1992) (dismissal for failure to comply with an order requiring amendment of a complaint);
13  Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with
14  local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S.
15  Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a
16  court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack
17  of prosecution and failure to comply with local rules).
18  In determining whether to dismiss an action for lack of prosecution, failure to obey a
19  court order, or failure to comply with local rules, the Court must consider several factors: (1)
20  the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its
21  docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition
22  of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782
23  F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at
24  1260-61; Ghazali, 46 F.3d at 53.
25  In the instant case, the public's interest in expeditiously resolving this litigation and
26  the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk
27  of prejudice to Defendant, also weighs in favor of dismissal, since a presumption of injury
28  arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v.

Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Plaintiff has not responded to the Court's order. (ECF No. 15).

Accordingly, it is HEREBY ORDERED THAT:

1. Within thirty (30) days of service of this order, Plaintiff shall either show cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's order (ECF No. 15) and failure to prosecute, or file an amended complaint; and

2. If Plaintiff fails to show cause or file an amended complaint, it is recommended that this action be dismissed, with prejudice, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   September 30, 2013          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE