# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL B. WILLIAMS,<br><br>           Plaintiff,<br><br>     v.<br><br>MARISSA BIGOT, et al.,<br><br>           Defendants. | Case No. 1:13-cv-00556-AWI-MJS (PC)<br><br>**ORDER (1) DISCHARGING ORDER TO SHOW CAUSE, (2) DENYING WITHOUT PREJUDICE APPOINMENT OF COUNSEL, and (3) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF Nos. 20, 22)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff Michael B. Williams proceeds pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. His complaint was dismissed for failure to state a claim, but he was granted leave to file an amended pleading by not later than July 24, 2013. The July 24th deadline passed without Plaintiff filing an amended pleading or seeking an extension of time to do so. On October 1, 2013, Plaintiff was ordered to either show cause as to why this action should not be dismissed with prejudice for failure to comply with the Court's order and failure to prosecute, or file an amended complaint. (ECF No. 20.) Plaintiff filed a first amended complaint. (ECF No. 22.) The Court now discharges the order to show cause and screens the first amended complaint.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II. PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct

and, while factual allegations are accepted as true, legal conclusions are not. Id. at 667-68.

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is civilly committed to Coalinga State Hospital ("Coalinga"). He complains of retaliatory interference with his mail by Defendant Bigot, a former Unit 6 psychiatric technician and supervisor at Coalinga, in violation of the First Amendment. He also complains Defendant Wagoner, a patient's rights advocate at Coalinga, denied exculpatory evidence (i.e., evidence favorable to Plaintiff) at a hearing on Plaintiff's administrative grievance against Bigot, in violation of the Fifth and Fourteenth Amendments.[1]

More specifically, Plaintiff alleges that:

He filed a grievance about Bigot's multiple violations of Coalinga mail policies. Bigot retaliated by seizing, opening and reading Plaintiff's incoming and outgoing legal and non-legal mail and then destroying several pieces of plaintiff's mail or placing them in Plaintiff's mail bin.

In administrative proceedings about Bigot's conduct, the Coalinga advocacy office concealed exculpatory Brady material potentially helpful to Plaintiff. Wagoner failed in his responsibility to ensure such evidence was available and the grievance proceeding fair and impartial. Wagoner's administrative findings did not include the exculpatory material.

Plaintiff seeks (1) to enjoin Defendants from censoring and delaying his mail and from retaliation, (2) declaratory relief regarding Brady rights, (3) establishment of an office of patient rights advocate at Coalinga, (4) appointment of counsel, and (5) monetary damages.

### IV.   ANALYSIS

####   A.   First Amendment Claims Against Bigot

Plaintiff's First Amendment claim may be analyzed under prisoner rights case law. Rivera v. Rogers, 224 Fed.Appx. 148, 150 (3d Cir. 2007).

#####      1.   No Mail Interference Claim Against Bigot

---

[1] Plaintiff's due process claim is properly analyzed under the Fourteenth Amendment rather than the Fifth Amendment. The Fifth Amendment is not applicable in this context as its "due process clause only applies to the federal government." Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008).

Plaintiff claims Defendant Bigot intercepted, opened and read his legal and non-legal mail outside his presence and then either destroyed it or placed it in Plaintiff's mail bin.

"[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). While prisoners and those involuntarily committed have a First Amendment right to send and receive mail, Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995); Jones v. Brown, 461 F.3d 353, 358 (3d Cir. 2006), the right to receive mail is subject to substantial limitation and a regulation or policy infringing on the right will be upheld if it is reasonably related to legitimate penological interests. Prison Legal News v. Lehman, 397 F.3d 692, 699 (9th Cir. 2005), citing Turner v. Safley, 482 U.S. 78, 89 (1987).

For a civil detainee, "any restrictions on his First Amendment rights to send and receive mail must be non-punitive." Rainwater v. McGinniss, 2012 WL 3308894 at *12, (E.D. Cal. August 13, 2012), citing Robinson v. Joya, 2010 WL 890437, at *7 (E.D. Cal. March 8, 2010); Jones v. Blanas, 393 F.3d 918, 932 (9th Cir. 2004). "To show that restrictions are punitive, a plaintiff must show that the challenged restrictions are expressly intended to punish, the restrictions serve a non-punitive purpose but are nonetheless excessive, or that the legitimate purpose could be accomplished with less restrictive or harsh methods." Id. citing Jones, 393 F.3d at 932; see also Bell v. Wolfish, 441 U.S. 520, 539 (1979).

Plaintiff does not allege facts sufficient for the Court to determine if he has stated a plausible claim under the above standards. Plaintiff does not explain why he characterizes the mail involved as "legal" mail. See O'Keefe v. Van Boening, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government agencies and officials as legal mail). He does not say how Bigot's actions departed from institutional mail policy and practice. He does not describe the response to his grievances about the handling of his mail. He does not describe the extent or nature of harm suffered. See Allen v. Seiler, 2013 WL 357614, at *6 n.33, (N.D. Tex. January 30, 2013) citing Walker v. Navarro County Jail,

4 F.3d 410, 413 (5th Cir.1993) (allegation that incoming mail was opened and read, but not censored, did not state a constitutional violation); Brewer v. Wilkinson, 3 F.3d 816, 824 (5th Cir. 1993) (noting that allegations that mail was opened and inspected outside inmate's presence [and in violation of prison regulation], without additional allegation that such practice affected the inmate's ability to prepare or transmit a document, or allegation that the mail had been "censored," did not state a cognizable constitutional claim), citing Thornburgh v. Abbott, 490 U.S. 401, 410 (1989) and Turner, 482 U.S. at 87.

      Just as a prisoner "does not retain rights inconsistent with proper incarceration," Overton v. Bazzetta, 539 U.S. 126, 131 (2003), individuals civilly committed to a mental health facility for treatment do not retain rights inconsistent with that treatment. Inspecting the incoming and outgoing mail of SVPs for contraband material, such as pornography or weapons, is entirely appropriate. Allen v. Mayberg, 2013 WL 3992016, at *4 (E.D. Cal. August 1, 2013). Moreover, an isolated instance of mail tampering, even of legal mail, is usually insufficient to show a constitutional violation, Ahlers v. Rabinowitz, 684 F.3d 53, 64 (2d Cir. 2012), regular and unjustified interference is required. Id.

      Plaintiff was advised in the previous screening order that the mere fact officials open and conduct a visual inspection of legal and non-legal mail does not alone state a claim for violation of constitutional rights. Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974); Mitchell v. Dupnick, 75 F.3d 517, 523 (9th Cir. 1996); Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (legal mail may be inspected per established institution procedures); Royse v. Superior Court, 779 F.2d 573 (9th Cir. 1986) (legal mail may be inspected for contraband); Samonte v. Maglinti, 2007 WL 1963697, at *5 (D. Hawai'i July 3, 2007) (whether legal mail may be opened outside the inmate's presence is an open question in the Ninth Circuit). The Court can not determine mail processing procedures inadequate where, as here, Plaintiff fails to allege what procedures are available. Ahlers, 684 F.3d at 65.

      Plaintiff's claim that Bigot interfered with his mail is too conclusory to state a cognizable federal claim. Plaintiff will be given **one final opportunity** to amend. If he chooses to amend, he must allege **facts**, not conclusions or suppositions, suggesting

5

Defendant Bigot interfered with his incoming and outgoing legal and non-legal mail without any reasonable relationship to a legitimate penological purpose and that he suffered harm as a result.

### 2. No Retaliation Claim Against Bigot

Plaintiff claims Defendant Bigot interfered with his mail in retaliation for grievances Plaintiff filed against Bigot. Allegations of retaliation against a prisoner's First Amendment rights may support a § 1983 claim. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995).

A retaliation claim requires five basic elements: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005); accord Watson v. Carter, 668 F.3d 1108, 1114–15 (9th Cir. 2012); Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009).

Plaintiff does not allege facts sufficient for the Court to determine if he has stated a cognizable retaliation claim. Plaintiff does not explain the basis for his belief Bigot acted in retaliation (the protected conduct must have been a "'substantial' or 'motivating' factor behind the defendant's conduct"), Brodheim, 584 F.3d at 1271, quoting Soranno's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989); whether Bigot's actions departed from institutional mail policy and practice and if so how; and the response to his grievance about the handling of his mail.

Plaintiff will be given **one final opportunity** to amend. If Plaintiff chooses to amend he must demonstrate Defendant Bigot took adverse action because of Plaintiff's First Amendment activity without reasonably advancing a legitimate correctional goal.

### B. Due Process Claim Against Wagoner

#### 1. No Claim Arising from Grievance Process

Plaintiff alleges that Defendant Wagoner concealed or denied exculpatory evidence

(favorable to Plaintiff) at a hearing on Plaintiff's administrative grievance against Bigot.

Civil detainees are entitled to Fourteenth Amendment protections. <u>Jones</u>, 393 F.3d at 933. However, Plaintiff may not claim a federal violation arising from the grievance process at his facility because there is no federal right to a grievance procedure, <u>Id.</u>, or to injunctive relief arising from a grievance procedure. <u>Merryfield v.Jordan</u>, 431 Fed.Appx. 743, at *6.

Even if Plaintiff had such a right, he does not explain why and how he was prevented from participating in and utilizing the grievance process, either generally, or with regard to presentation of the alleged exculpatory evidence. Plaintiff does not demonstrate any federally protected right to assistance during the grievance process; that he was denied participation in the hearing; or that the institutional grievance process was not followed.

Plaintiff has no right to a particular outcome of such proceedings. See <u>Wise v. Washington State Department of Corrections</u>, 244 Fed.Appx. 106, 108 (9th Cir. 2007), ("An inmate has no due process rights regarding the proper handling of grievances.").

Plaintiff was previously advised he does not and can not state an independent due process claim against Defendant Wagoner arising solely from the grievance process. Leave to amend this claim, if based solely upon the grievance process, is denied.

### 2. No Claim Arising from Patient's Rights Advocate Policy

Plaintiff may claim the Coalinga patient's rights advocacy office has a policy of concealing evidence in the administrative grievance process. Any claim against an office of the prison, if a claim against the prison, is barred by the Eleventh Amendment unless, as is not the case here, an injunction against a demonstrated ongoing policy is sought. <u>Merryfield</u>, 431 Fed.Appx. at 746. Additionally, any such claim fails because no actionable federal right is identified and no facts of policy and practice are alleged.

This claim fails, amendment would be futile, and leave to amend is denied.

### C. **Brady Claim Against Wagoner**

Plaintiff claims Wagoner denied exculpatory <u>Brady</u> material potentially helpful in

7

1  Plaintiff's administrative grievance proceeding against Defendant Bigot. A <u>Brady</u> violation
2  may not be advanced by a § 1983 action.

3    <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) announced a constitutional requirement
4  proscribing pretrial withholding of evidence "favorable to an accused" and "material to [his]
5  guilt or to punishment" by the prosecution. <u>Brady</u>, 373 U.S. at 1196-97; <u>Skinner v. Switzer</u>,
6  131 S.Ct. 1289, 1299 (2011), <u>citing</u> <u>Cone v. Bell</u>, 556 U.S. 449, 469 (2009). A <u>Brady</u>
7  violation relates to a conviction, <u>Strickler v. Greene</u>, 527 U.S. 263, 281–282 (1999); <u>see</u>
8  <u>Banks v. Dretke</u>, 540 U.S. 668, 691 (2004), and is within the traditional core of habeas
9  corpus, outside the province of § 1983.

10   Plaintiff was advised in the previous screening order that he does not and can not
11  state a <u>Brady</u> claim. Leave to amend this claim is denied.

12  **D.  Injunctive Relief**

13   Plaintiff seeks to enjoin Defendants from retaliation, censorship and delay of his
14  mail, and require establishment of an office of patient rights advocate at Coalinga. Grant of
15  injunctive relief requires either "(1) a likelihood of success on the merits and the possibility
16  of irreparable injury, or (2) the existence of serious questions going to the merits and the
17  balance of hardships tipping in [the moving party's] favor." <u>Oakland Tribune, Inc. v.</u>
18  <u>Chronicle Publishing Company, Inc.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985), <u>quoting</u> <u>Apple</u>
19  <u>Computer, Inc. v. Formula International, Inc.</u>, 725 F.2d 521, 523 (9th Cir. 1984); <u>see</u> <u>City of</u>
20  <u>Los Angeles v. Lyons</u>, 461 U.S. 95, 101–102 (1983) (plaintiff must show "real and
21  immediate" threat of injury).

22   For the reasons stated above, Plaintiff has not stated a cognizable federal claim. He
23  has no basis for injunctive relief without an underlying claim of violation of his rights.
24  Plaintiff also fails to suggest a real and immediate threat of injury. <u>See</u> <u>City of Los Angeles</u>,
25  461 U.S. at 101-02 (plaintiff must show "real and immediate" threat of injury, and "past
26  exposure to illegal conduct does not in itself show a present case or controversy regarding
27  injunctive relief . . . if unaccompanied by any continuing, present, adverse effects."). The
28  Court is unable to determine at this time how Plaintiff would suffer without the requested

relief.

Additionally, Plaintiff indicates Defendant Bigot is no longer the Unit 6 psychiatric technician at Coalinga. This appears to render moot any request for injunctive relief against Bigot. Preiser v. Newkirk, 422 U.S. 395, 402–03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991).

Accordingly, Plaintiff is not entitled to and in need of injunctive relief. Plaintiff will be given **one final opportunity** to amend. If Plaintiff chooses to amend, he must set forth sufficient facts demonstrating a cognizable claim and relative hardship suggesting immediate threat of injury.

### E.  Appointment of Counsel Denied Without Prejudice

Plaintiff requests appointment of pro bono counsel to assist him in this action. This request shall be denied without prejudice.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." Rand, 113 F.3d at 1525. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the Plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of

exceptional circumstances for the appointment of counsel.").

Plaintiff does not demonstrate exceptional circumstances supporting appointment of counsel. 28 U.S.C. § 1915(e)(1); Rand, 113 F.3d at 1525. No cognizable claim is stated. Moreover, the facts alleged to date appear straightforward and unlikely to involve extensive investigation and discovery. Plaintiff has to date demonstrated reasonable writing ability and legal knowledge. Moreover, it is not apparent on the record that before bringing this motion Plaintiff exhausted diligent effort to secure counsel. Plaintiff's lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.[2]

Additionally, as a procedural matter a request for a court order, including an order appointing counsel, must be made by motion. Fed. R. Civ. P. 7(b).

Accordingly, for the foregoing reasons, Plaintiff's request for appointment of counsel is denied without prejudice. If Plaintiff chooses to request appointment of counsel, he should do so by motion demonstrating exceptional circumstances.

## V.     CONCLUSIONS AND ORDER

The October 1, 2013 order to show cause shall be discharged.

Plaintiff's request for appointment of counsel is procedurally and substantively deficient and shall be denied without prejudice.

Plaintiff's complaint does not state a claim for relief under § 1983. The Court shall grant Plaintiff **one final** opportunity to file an amended complaint consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

---

[2] See, e.g. Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is HEREBY ORDERED that:

1. The October 1, 2013 order to show cause (ECF No. 20) is DISCHARGED;
2. Plaintiff's request for appointment of counsel (ECF No. 22) is DENIED WITHOUT PREJUDICE;
3. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his first amended complaint filed October 18, 2013;
4. Plaintiff's first amended complaint (ECF No. 22) is DISMISSED for failure to state a claim upon which relief may be granted;
5. Plaintiff shall file an amended complaint within thirty (30) days from service of this order; and
6. If Plaintiff fails to file an amended complaint in compliance with this order, it

shall be recommended this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   November 1, 2013                    /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE